DOCUMENT 2

Case 2:19-cv-00120-ECM-WC   Document 1-2   Filed 02/11/19   Page 1 of 9

ELECTRONICALLY FILED
1/8/2019 10:51 AM
03-CV-2019-900040.00
CIRCUIT COURT OF
MONTGOMERY COUNTY, ALABAMA
GINA J. ISHMAN, CLERK

## IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

| | |
|---|---|
| VICTORIA A. PULLUM, | * |
| Plaintiff, | *   Case No. _____ |
| v. | * |
| Ford Motor Company; Fictitious parties "A", "B", "C" whose names are Unknown to the Plaintiffs at this time, or if their names are known their identity as proper party, but whose names will be added by amendment when the aforesaid lacking knowledge is ascertained. | * |
| Defendant(s). | * |

## COMPLAINT

### THE PARTIES

1. Plaintiff, Victoria A. Pullum ("Plaintiff") is an individual resident and citizen of Montgomery County, Alabama.

2. Defendant, Ford Motor Company (hereinafter "Ford") on information and belief is a corporation doing business in Montgomery County, Alabama.

### FACTUAL ALLEGATIONS

3. This case arises out of defects and design of a motor vehicle purchased by the Plaintiff herein. On or about July 1, 2013, Plaintiff entered into a motor Vehicle purchase contract with Stivers Ford Lincoln, Inc. for the purchase of a new 2014 Ford Focus, VIN 1FADP3F22EL135015 (hereinafter referred to as the "Focus" or "Vehicle") with the optional "PowerShift Transmission."

4. The Vehicle was defective and Plaintiff has suffered damages for Ford's breach of

warranty and misrepresentation such as, loss of money, loss of use of the vehicle, premature deprecation, loss of value, loss of time, aggravation and mental anguish.

5. The statute of limitations is tolled as to Plaintiff's claims, due to the commencement of a nationwide class action, based on same or similar allegations, *Omar Vargas v. Ford Motor Company* Case 12-cv-08388 filed September 28, 2012, in the Central District of California. See *American Pipe & Construction Co v. State of Utah*, 414 U.S. 538.

6. Ford designed and marketed and represented that its PowerShift Transmission as a more advanced and fuel-efficient alternative to a traditional manual or automatic transmission.

7. The PowerShift Transmission was an option that added over $1,000 to the purchase price of the Vehicle.

8. Ford touted that it had designed the Vehicle's computerized "automated manual" transmissions to meet heightened governmental and consumer expectations for fuel economy, performance and efficiency. According to a Ford press release dated March 10, 2010, "PowerShift with dry-clutch facings and new energy-saving electromechanical actuation for clutches and gear shifts saves weight, improves efficiency, increases smoothness, adds durability and is sealed with low-friction gear lubricant for the life of the vehicle. This transmission requires no regular maintenance." Unfortunately, this was not the case.

9. In the owner's manual for Plaintiff's car, Ford stated:

**PowerShift Fuel Efficient Transmission**
Your vehicle has been designed to improve fuel economy by reducing fuel usage while coasting or decelerating. When you take your foot off the accelerator pedal and the vehicle begins to slow down, the torque converter clutch locks up and aggressively shuts off fuel flow to the engine while decelerating. This fuel economy benefit may be perceived as a light to medium braking sensation when removing your foot from the accelerator pedal.

2

10. The PowerShift Transmission, however, contains several design and/or manufacturing defects that cause, among other problems, transmission slips, bucking, kicking, jerking, harsh engagement, premature internal wear, sudden acceleration, delay in downshifts, delayed acceleration, and difficulty stopping the vehicle (the "Transmission Defect").

11. In addition, the Transmission Defect causes unsafe conditions, including, but not limited to, Vehicles suddenly lurching forward, delayed acceleration, and sudden loss of forward propulsion.

12. The Transmission Defect also causes premature wear to the Dual Clutch Transmission's clutch plates and other components, which results in premature transmission failure and requires expensive repairs, including transmission replacement.

13. Ford knew or should have known, as early as 2010, that the PowerShift Transmission contained design and/or manufacturing defects that negatively affect the drivability of the Vehicle and caused safety hazards and failed to disclose the Transmission Defect to Plaintiff and others.

14. Ford knew about and concealed the Transmission Defect present in the Vehicle, along with the attendant dangerous safety and drivability problems, from Plaintiff at the time of sale, repair and thereafter. In fact, instead of repairing the defects in the PowerShift Transmission, Ford either refused to acknowledge their existence, or performed ineffectual software upgrades that simply masked the defects.

15. Plaintiff relied representations contained in Ford's media advertising and printed material when they made the decision to purchase the vehicle at issue.

16. If Plaintiff had known about these defects at the time of sale Plaintiff would not have purchased the Vehicle or would have paid less for it.

17. Because of their reliance on Ford's omissions and/or misrepresentations, Plaintiff suffered a loss of money, property, and/or value of their Vehicle, including, but not limited to, out of pocket costs for the PowerShift Transmission. Additionally, as a result of the Transmission Defect, Plaintiff was harmed and suffered actual damages because the Vehicle's transmission is substantially certain to fail before their expected useful life has run.

18. The purchase price of the Vehicle was approximately $22,797.24.

19. The Vehicle was purchased for Plaintiffs' personal use and enjoyment.

20. Plaintiff's purchase of the Vehicle was accompanied by express warranties offered by Ford and extending to the Plaintiff.

21. These warranties were part of the basis of the bargain of Plaintiff's contract for purchase of the Vehicle.

22. The basic warranty covered any repairs or replacements needed during the warranty period due to defects in factory materials or workmanship. All warranty repairs and adjustments, including parts and labor, were to be made at no charge. Additional warranties were set forth in the warranty guide and the 2014 Ford Focus owner's manual.

23. Although the transmission was the major problem with the Vehicle Plaintiff has had numerous other problems with the vehicle resulting in loss of use of the Vehicle, lost time, loss of money and aggravation.

## COUNT ONE
## FRAUD

24. Plaintiff realleges and adopts all of the foregoing relevant paragraphs contained in this complaint.

25. This action is brought pursuant to the Code of Alabama, 1975, § 6-5-100, 6-5-101, and other applicable law.

4

26. The Vehicle was defective as described above.

27. Ford was aware of the defects of said automobile and failed or refused to correct said defects before it was offered for sale to the public

28. Said representations regarding the quality of the vehicle and the PowerShift Transmission specifically were false and Ford knew they were false. Ford intentionally suppressed the fact that the automobile had numerous defects.

29. Plaintiff believed that said representations and reasonably relied on them and innocently acted upon them to their detriment by purchasing said automobile.

30. As approximate result of said representations made by Ford, Plaintiff was caused to suffer the following injuries and damages:

    a. Loss of money

    b. Mental anguish and embarrassment.

32. Plaintiff claims punitive damages of the defendant because of the intentional or gross and reckless nature of the fraud.

WHEREFORE, Plaintiff demands judgment against the Ford as follows:

    a. Compensatory and Consequential damages;

    b. Punitive damages;

    c. Reasonable attorney's fees;

    d. Costs of this action; and

    e. Whatever further and different legal and/or equitable relief to which the Plaintiffs may be entitled in this cause.

## COUNT TWO
## FRAUD IN THE INDUCEMENT

33. Plaintiff realleges and adopts all of the foregoing relevant paragraphs contained in

this complaint.

34. The defendant represented to Plaintiff that said automobile made the subject of this action would be delivered to them free from defects and if there were defects, the said defects would be promptly repaired.

35. In fact, said automobile was not free from defects, was not fit for its ordinary and particular uses.

36. The representations above, which were made to Plaintiff, were, in fact, false and fraudulent. Said representations made by Ford induce the purchase said automobile

WHEREFORE, Plaintiff demands judgment against the defendant, Ford, for actual and punitive damages, separately and severally, in an amount in excess of the jurisdictional requirements of this court, plus costs and interest.

## COUNT THREE
## BREACH OF EXPRESS WARRANTY

37. Plaintiff realleges and adopts all of the foregoing relevant paragraphs contained in this complaint.

38. Ford represented and warranted to Plaintiff that said automobile he purchased was free of defects. It was further represented to Plaintiff that if any defects were discovered that the same would be promptly corrected.

39. After purchasing said, automobile Plaintiff discovered the defects as stated which render the Vehicle unsafe and less valuable.

40. Plaintiff allege that there are other numerous defects not listed above.

WHEREFORE, Plaintiff demands judgment against the Defendant, Ford, as follows:

   a. Compensatory punitive damages;

   b. Consequential damages;

    c.      Reasonable attorney's fees pursuant to Ala. Code 1975 § 8-20-8;

    d.      Costs of this action; and

    e.      Whatever further and different legal and/or equitable relief to which the Plaintiff may be entitled in this cause.

## COUNT FOUR
## BREACH OF IMPLIED WARRANTY

41.    Plaintiff realleges and adopts all of the foregoing relevant paragraphs in this complaint.

42.    At the time of the Plaintiff's purchase Defendant expressly warranted and warranted by implication that said automobile was free from defects and was fit for its ordinary and particular uses or if there were defects, that the same would be promptly repaired to the Plaintiffs' satisfaction.

43.    The total cash price of the said automobile at issue in the cause was $32,279.80 and Plaintiff found that the said automobile was defective as stated above.

44.    Plaintiff further aver that the defendant, Ford, has been notified of the existence of said defects. Plaintiff was promised that the defects would be repaired to their satisfaction, but the defendant, Ford, failed and/or refused to correct said defects.

WHEREFORE, Plaintiff demands judgment against the defendant, Ford, as follows:

    a.      Compensatory and punitive damages;

    b.      Consequential damages;

    c.      Reasonable attorney's fees;

    d.      Costs of this action; and

    e.      Whatever further and different legal and/or equitable relief to which the Plaintiffs may be entitled in this cause.

## COUNT FIVE
## VIOLATION OF MAGNUSON-MOSS WARRANTY ACT
## (15 U.S.C. 2301, et seq.)

45. Plaintiff herein incorporates by reference every prior allegation as though here fully restated and realleged.

46. The Plaintiff is a "consumer" as defined in the Magnuson-Moss Warranty Act (hereinafter referred to as the "Warranty Act"), 15 U.S.C. 2301(3).

47. The manufacturer, Ford, is a "seller" and "warrantor" as defined by the Warranty Act, 15 U.S.C. 2301(4), (5).

48. The automobile in question is a "consumer product" as defined in the Warranty Act, 15 U.S.C. 2301(1).

49. The automobile in question was manufactured and sold after July 4, 1975.

50. The express warranties given by Manufacturer and/or required by statute to be given by the Manufacturer, pertaining to the automobile are "written warranties" as defined in the Warranty Act, 15 U.S.C. 2301(6).

51. That this sales transaction is subject to the provisions and regulations of the Magnuson-Moss Warranty Act (15 U.S.C. 2301, *et seq*).

52. The above-described actions, including, but not limited to, the failure of Defendant to honor the warranty and/or to seek arbitration contrary to the Warranty Act, and/or to ignore the rules and regulations constitute breach of the written warranties and of the Warranty Act.

WHEREFORE, the Plaintiff is entitled to recovery of all monies paid on the automobile and to damages in the form of all out-of-pocket expenses and all other damages, including exemplary and consequential damages as determined by the truer of fact, but exceeding not $49,000.00, together with all costs and actual reasonable attorney fees as provided for by statute

and for whatever other legal and equitable relief the Court may deem proper.

DATED this the 8th day of January 2019.

**PLAINTIFF DEMANDS TRIAL BY STRUCK JURY**

/s/ Earl P. Underwood, Jr.
**EARL P. UNDERWOOD, JR. (UND008)**

**UNDERWOOD & RIEMER, PC**
**21 South Section Street**
**Fairhope, Alabama 36532**
**Telephone: (251) 990-5558**
**Facsimile: (251) 990-0626**
Epunderwood@alalaw.com

**DEFENDANT TO BE SERVED BY CERTIFIED MAIL AT:**

**Ford Motor Company**
**c/o C T Corporation System**
**2 N Jackson St. Suite 605**
**Montgomery AL 36104**