IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
MIDDLE DIVISION

| | | |
|---|---|---|
| VICTORIA A. PULLUM, | * | |
| | * | |
| Plaintiff, | * | Case No.  2:19-CV-00120-WC |
| v. | * | |
| | * | |
| FORD MOTOR COMPANY, | * | |
| | * | |
| Defendant. | * | |

PLAINTIFF'S MOTION FOR REMAND
AND MEMORANDUM IN SUPPORT

Plaintiff moves the Court for an Order remanding this action back to the Circuit Court of Montgomery County. Ford has not introduced any evidence or otherwise met its burden showing there is subject matter jurisdiction. This motion is supported by the memorandum set out below.

INTRODUCTION

As ford states Plaintiff alleges loss of value of the subject car. Mrs. Pullam purchased the vehicle at issue on July 1, 2013. The purchase price of the Ford Focus was $22,797.24. (See Ex 1).  The vehicle currently has a value of approximately $9,000. See Ex. 2. This constitutes a loss of $13,797.24 in value over the five years since the purchase. Pullam alleges that the car would be worth more but for the problems with the clutches and transmissions in these Ford vehicles. (Doc. 1-2 at ¶ 4). According to Carfax, the average new car loses 60% of its value in five years. See Ex. 3. Pullam's vehicle has lost about 60.5% of its value. If not for the well-known clutch and transmission problems the vehicle would probably have a higher value.

Additionally, Plaintiff alleges damages in the form of aggravation and mental anguish and under the facts as alleged she would be entitled to them. She also alleges fraud and expects to be able to prove that Ford knew the PowerShift transmissions were defective and continued to sell

them to the public. Even given these facts, it is doubtful that the amount in controversy exceeds $75,000 and Ford has offered no evidence to support its bare allegation stating otherwise. Ford cites *Dart Cherokee Basin Operating Co., LLC v. Owens,* 135 S. Ct. 547, 554, (2014), for the proposition that "a defendant's notice of removal need only include a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." (Doc. 1 at ¶ 14). That is true, but "[i]n the event that the plaintiff does contest the defendant's allegations, both sides submit proof and the court decides, by a preponderance of the evidence, whether the amount-in-controversy requirement has been satisfied, see § 1446(c)(2)(B)." *Id.* at 550. Unless Ford can show the Court, by a preponderance of the evidence, that the amount in controversy is more than $75,000, this case should be remanded.

## ARGUMENT

Federal courts are courts of limited jurisdiction. As such they have the power and the obligation, "to inquire into jurisdiction whenever the possibility that jurisdiction does not exist arises." *Fitzgerald v. Seaboard System R.R., Inc.*, 760 F.2d 1249, 1251 (11th Cir. 1985); see also *Cadet v. Bulger*, 377 F.3d 1173, 1179 (11th Cir. 2004); and *Smith v. GTE Corp.*, 236 F.3d 1292, 1299 (11th Cir. 2001). "Accordingly, removal statutes must be construed narrowly, and 'all uncertainties as to removal jurisdiction are to be resolved in favor of remand.'" *Russell Corp. v. American Home Assurance Co.,* 264 F.3d 1040, 1050 (11th Cir.2001) Moreover, a "[de]fendant's right to remove and plaintiff's right to choose his forum are not on equal footing; for example, unlike the rules applied when plaintiff has filed suit in federal court with a claim that, on its face, satisfies the jurisdictional amount, removal statutes are construed narrowly; where plaintiff and defendant clash about jurisdiction, uncertainties are resolved in favor of remand." *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994). "[O]nce a federal court determines that it is without subject matter jurisdiction, the court is powerless to continue." *Univ. of S. Ala. v. Am.*

*Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999). The Eleventh Circuit has stated, "[o]ver and over again, we stress that 'the trial court must be certain of its jurisdiction before embarking upon a safari in search of a judgment on the merits.'" *Crowe v. Coleman*, 113 F.3d 1536, 1538 (11th Cir. 1997).

### THERE IS NO JURISDICTION UNDER 28 U.S.C. § 1332.

Plaintiff does not dispute the diversity of citizenship. However, Ford must show by a preponderance of the evidence that the amount in controversy is more than $75,000.[1] When jurisdiction is contested in a diversity case, the "removing defendant must prove by a preponderance of the evidence that the amount in controversy more likely than not exceeds the [$75,000] jurisdictional requirement." *Tapscott v. MS Dealer Serv. Corp.*, 77 F.3d 1353, 1357 (11th Cir. 1996), *abrogated on other grounds by Cohen v. Office Depot, Inc.*, 204 F.3d 1069 (11th Cir. 2000); *see also Williams v. Best Buy Co.*, 269 F3d 1316, 1319 (11th Cir. 2001); *Leonard v. Enterprise Rent-a-Car*, 279 F.3d 967, 972 (11th Cir. 2002).

In *Lowery v. Alabama Power Company*, 483 F.3d 1184 (11th Cir. 2007) the Eleventh Circuit described a defendant's burden of establishing removal jurisdiction based on diversity, making it clear that the burden must be met by presenting evidence saying, "Specifically, the removing defendant must establish the amount in controversy by '[t]he greater weight of the evidence, ... [a] superior evidentiary weight that, though not sufficient to free the mind wholly from all reasonable doubt, is still sufficient to incline a fair and impartial mind to one side of the issue rather than the other.' *Black's Law Dictionary* 1220 (8th ed.2004)." *Id* at 1209. *Lowery* has been interpreted as

---

[1] Ford states in a foot note at the bottom of page seven of its removal notice that its removal only on diversity grounds.

ending, "the day of the knee-jerk removal of diversity tort cases from state to federal court within the three states comprising the Eleventh Circuit." *Constant v. International House of Pancakes, Inc.*, 487 F.Supp.2d 1308 (N.D. Ala. 2007). The post-*Lowery* standard has been described as follows: "The standard for removal is preponderance of the evidence and, when the removing defendant relies only on representations without presenting evidence, it cannot meet its burden of supporting removal." *Beasley v. Fred's Inc.*, 2008 WL 899249 (S.D. Ala. 2008). Ford has presented no evidence here.

Ford cites *Pretka v. Kolter City Plaza II, jnc.,* 608 F.3d 744, at 754 for the proposition that "the removing defendant is not required to prove the amount in controversy beyond all doubt or to banish all uncertainty about it." However, *Pretka* does not help Ford. After making the statement cited by Ford, the *Pretka* court went on to describe the types of evidence a removing defendant can present saying:

> The substantive jurisdictional requirements of removal do not limit the types of evidence that may be used to satisfy the preponderance of the evidence standard. Defendants may introduce their own affidavits, declarations, or other documentation—provided of course that removal is procedurally proper. *See Williams*, 269 F.3d at 1319; *Miedema*, 450 F.3d at 1330; *Sierminski*, 216 F.3d at 949 (the district court may "require parties to submit summary-judgment-type evidence relevant to the amount in controversy at the time of removal" (quotation marks omitted)); *Fowler v. Safeco Ins. Co. of Am.*, 915 F.2d 616, 617 (11th Cir.1990) ("Defendants have the opportunity to submit affidavits, depositions, or other evidence to support removal."); *see also De Busk v. Harvin*, 212 F.2d 143, 146 (5th Cir.1954) (holding, in a case removed under 28 U.S.C. § 1442, that the district court had properly denied the plaintiff's motion to remand based on "[t]he uncontroverted affidavits of appellees, attached as exhibits to the amended petition for removal"). We do not read *Lowery* as holding to the contrary. If we did, there would be a serious prior panel precedent problem. *See United States v. Ohayon*, 483 F.3d 1281, 1289 (11th Cir.2007) ("When a decision of this Court conflicts with an earlier decision that has not been overturned en banc, we are bound by the earlier decision."); *United States v. Hornaday*, 392 F.3d 1306, 1316 (11th Cir.2004) ("Where there is a conflict between a prior panel decision and those that came before it, we must follow the earlier ones.").

*Id. at* 755.

4

Ford in its reply will probably point out that *Pretka* criticizes *Lowery,* but *Lowery* is still the law in this Circuit. See *U.S. v. Archer*, 531 F.3d 1347, 1351 (11th Cir. 2008) ("[A] prior panel's holding is binding on all subsequent panels unless and until it is overruled or undermined to the point of abrogation by the Supreme Court or by this court sitting *en banc. Smith v. GTE Corp.*, 236 F.3d 1292, 1300 n. 8 (11th Cir. 2001)"). Ford's problem is that it offers no evidence of any amount in controversy other than what is stated in the complaint. Instead, just as in *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1097 (11th Cir. 1994), Ford "offered nothing more than conclusory allegations that predict that Plaintiffs intends to [request some larger amount]").  It is Ford, that "has the burden of proving federal jurisdiction," *Williams v. Best Buy Co.*, 269 F.3d 1316, 1320 (11th Cir. 2001), and Ford must "prove by a preponderance of the evidence that the amount in controversy exceeds $75,000[.]" *Id. at* 1321.

Plaintiff is contesting federal jurisdiction and "[i]f the Plaintiff contests the defendant's allegation, § 1446(c)(2)(B) instructs: '[R]emoval ... is proper on the basis of an amount in controversy asserted' by the defendant 'if the district court finds, by the preponderance of the evidence, that the amount in controversy exceeds' the jurisdictional threshold[.]" *Dart Cherokee Basin Operating Co., LLC v. Owens*, at 553-554. Since Ford has not and cannot meet its burden to prove that the amount in controversy exceeds $75,000 this case should be remanded.

Ford cites *Dart* at 554, for the proposition that, "Congress intended to clarify that courts should 'apply the same liberal rules [to removal allegations as] to other matters of pleading.'" Ford is wrong. The Supreme Court, also said in *Dart*, that "[t]he amount-in-controversy allegation of a plaintiff invoking federal-court jurisdiction is accepted if made in good faith." *Id.* at 449-500. Moreover, the defendant, in "Dart submitted [an uncontroverted] declaration by one of its executive officers," stating that "the amount in controversy, sans interest, exceeded $11 million."

*Id.* at 547-552. In other words, Dart submitted evidence of the amount in controversy, but Ford has not.

Also cited by Ford, *Roe v. Michelin North America, Inc.*, 613 F.3d 1058, (11th Cir. 2010), does not establish jurisdiction here, because in *Roe* the plaintiff, "Roe sought to recover unspecified damages under Alabama's Wrongful Death Act." *Id* at 1059. The *Roe* Court used common sense to determine that liability in a wrongful death exceeded $75,000 saying that, "courts may use their judicial experience and common sense in determining whether the case stated in a complaint meets federal jurisdictional requirements." *Id* at 1062. Unlike *Roe* the dispute here is over the quality of the transmission of a compact car. See Doc. at p.4.

Finally, Ford cites several cases, that it argues, that found the amount in controversy requirement was met because the plaintiff was seeking punitive damages. The first one is *Rae v. Perry,* 392 F. App'x 753 (11th Cir. 2010), for the proposition that, "Punitive damages must be considered when determining the jurisdictional amount in controversy in diversity cases." *Id.* at 755. However, the *Rae* court went on to say, "[i]f the jurisdictional amount is neither stated clearly on the face of the documents before the court nor readily deducible from them, the district court lacks jurisdiction and must remand to state court." *Id*. at 755 (Citing *Holley Equip. Co. v. Credit All. Corp.,* 821 F.2d 1531 at1535 (11th Cir. 1987)).  The facts were different in *Holley Equip. Co.,* because, "Holley has clearly stated a claim for actual damages exceeding [the jurisdictional amount] we reverse the order of the district court dismissing Holley's action for lack of subject matter jurisdiction." *Id* at 1536. Plaintiff here has not alleged such an amount. There is no doubt that punitive damages are included when determining the amount in controversy, but Ford has offered no evidence of what such an amount would be.

*Jones v. Hartford Fire Ins. Co.,* 2013 U.S. Dist. LEXIS 16675 at *2, also cited by Ford, is not binding authority. The *Jones* court adopted the report and recommendation of a magistrate.

See *Jones v. Hartford Fire Ins. Co.*, 2013 WL 550438, at *1 (N.D. Ala. Jan. 16, 2013). The magistrate found that Hartford's removal was untimely. When the report and recommendation were adopted District Court, citing *Smith v. State Farm Fire & Cas. Co.*, 868 F. Supp. 2d 1333 (N.D. Ala. 2012), made the following statement:

> The court is willing to go so far as to inform plaintiffs like Smith, who want to pursue claims against diverse parties in a state court seeking unspecified damages of various kinds, such as punitive damages and emotional distress, must in their complaint formally and expressly disclaim any entitlement to more than $74,999.99, and categorically state that plaintiff will never accept more. Otherwise, a plaintiff will find herself in a federal court, which is now saddled by Congress with a new and heavy burden.

*Id.* at 1335.

Both the *Smith* and the *Jones* opinions have been recognized as a "minority view" by other courts. See, e.g., *Dunlap v. Cockrell*, 336 F. Supp. 3d 1364, 1368 (S.D. Ala. 2018).

> This strand of authority is exemplified by *Smith v. State Farm Fire and Cas. Co.*, 868 F.Supp.2d 1333 (N.D. Ala. 2012), in which that judge stated in conclusory fashion, "The court is willing to go so far as to inform plaintiffs, who want to pursue claims against diverse parties in a state court seeking unspecified damages of various kinds, ... [that they] must in their complaint formally and expressly disclaim any entitlement to more than $74,999.99, and categorically state that plaintiff will never accept more. Otherwise, a plaintiff will find herself in a federal court ...." *Id.* at 1335. Defendant insists that he had to remove the case upon receipt of plaintiff's responses to requests for admission – or face rejection on timeliness grounds in the future – because of "the rigid burden imposed by *Smith*." (Doc. 4, at 5.) *Smith* constitutes a distinctly minority view in this Circuit.

*Id. at* 1364.

Likewise, the court in *Bennett v. Williams*, 2017 WL 3781187 (N.D. Ala. Aug. 31, 2017) stated the following:

> This opinion is not binding or persuasive authority. Defendants' burden-shifting argument ignores *Dart Cherokee*'s removal inquiry and Eleventh Circuit precedent. *Dart Cherokee*, 135 S. Ct. at 553-54; *Dudley*, 778 F.3d at 912-13; *see also Pretka*, 608 F.3d at 754 (Defendant may prove amount in controversy by "mak[ing] specific factual allegations establishing jurisdiction and ... support[ing] them ... with evidence combined with reasonable deductions, reasonable inferences, or other reasonable extrapolations."). Defendants have failed to submit any evidence that

"with reasonable deductions, reasonable inferences, or other reasonable extrapolations," *Pretka*, 608 F.3d at 754, could show an amount in controversy that "exceeds the sum or value of $75,000." 28 U.S.C. § 1332(a).

*Id.* at *2.

*Tucker v. Northbrook Indem. Co.,* 2013 U.S. Dist. LEXIS 159545, at *3 (N.D, Ala. Nov. 7, 2013) was cited by Ford for the proposition that "[t]he 'legal certainty' that there could not be sufficient punitive damages to take the recovery beyond $75,000 is virtually impossible to demonstrate." *Tucker* also cites and is among the same line of cases as *Smith v. State Farm Fire & Cas. Co.* as authority and does not mean that Ford does not have to offer some evidence regarding the amount in controversy.

## CONCLUSION

"Keeping in mind the narrow construction afforded the removal statute, a defendant must still carry its burden to prove that a plaintiff's suit—in this case—more likely than not exceeds $75,000. [Ford] has failed to shoulder that burden." *Earl v. Diebold, Inc.*, WL 789763, at *8 (S.D. Ala. Feb. 25, 2015). For the reasons stated above, this Court should grant the Plaintiff's motion to remand this case back to the Circuit Court of Montgomery County, Alabama.

Respectfully submitted this 6 day of March 2019.

/S/Earl P. Underwood, Jr.
EARL P. UNDERWOOD, JR. (UND008)

UNDERWOOD & RIEMER, PC
21 South Section Street
Fairhope, Alabama 36532
Telephone:  (251) 990-5558
Facsimile:  (251) 990-0626
Epunderwood@alalaw.com

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 6th day of March 2019, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the all counsel of record.


/S/Earl P. Underwood, Jr.
EARL P. UNDERWOOD, JR.