# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF ALABAMA
# NORTHERN DIVISION

| | |
|---|---|
| VICTORIA A. PULLUM, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civ. Act. No.: 2:19-cv-120-ECM |
| ) | (WO) |
| FORD MOTOR COMPANY, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM OPINION and ORDER**

Now pending before the Court is the Plaintiff's motion to remand the case to the Circuit Court of Montgomery County, filed on March 6, 2019. (Doc. 6). For the reasons that follow, the motion to remand is due to be denied.

## I.  Jurisdiction

The Defendant, Ford Motor Company, asserts that removal jurisdiction is proper pursuant to 28 U.S.C. §§ 1332, 1441 and 1446 because the parties are diverse and the amount in controversy is over $75,000. The Plaintiff, Victoria Pullum, moves to remand, claiming that the Defendant has not met its burden in establishing the amount in controversy.

## II.  Background

The Plaintiff, Victoria Pullum, sued Ford Motor Company ("Ford"), the Defendant, for various claims arising out of the sale of a new 2014 Ford Focus, equipped with the "Powershift Transmission." (Doc. 1-2, p. 1). Pullum alleges that the "Powershift

Transmission" contained several design and/or manufacturing defects that caused operational problems with the car, which created safety hazards and reduced the car's value. *Id.* at 3. Pullum alleges that Ford knew of these issues but failed to disclose them and further that Ford distributed advertising material that contained misrepresentations and omissions about the "Powershift Transmission." *Id.* at 2–3. Pullum asserts claims of fraud, fraud in the inducement, breach of express warranty, breach of implied warranty, and a violation of the Magnuson-Moss Warranty Act.[1] *Id.* at 4–8. Under each of her state-law claims, Pullum requests punitive damages.

It is undisputed that, for the purposes of diversity jurisdiction, Pullum is a citizen of Alabama, *id.* at 1, and that Ford is a citizen of Delaware and Michigan, *id.* at 3. The parties dispute whether there is a sufficient amount in controversy for diversity jurisdiction. The Defendant's notice of removal points to Pullum's complaint and argues that two features of the complaint establish the requisite amount in controversy: (1) Pullum did not expressly disclaim damages over $75,000, and (2) Pullum claims punitive damages against a large company. In her motion to remand, Pullum argues that the Defendant must do more. The Court disagrees.

---

[1] The Magnuson-Moss Act, 15 U.S.C. § 2301, et seq., contains an amount-in-controversy provision, which states that federal courts shall have jurisdiction over civil claims brought under the Magnuson-Moss Act that are $50,000 or more in value. 15 U.S.C. § 2310 (d)(3)(B). However, in *Ansari v. Bella Auto. Grp.*, the Eleventh Circuit held that state-law claims could not be used to meet the statute's amount-in-controversy requirement. 145 F.3d 1270, 1271–72 (11th Cir. 1998); *accord Stokes v. Homes*, 2009 WL 413755, *2 (M.D. Ala. 2009). Thus, the removing Defendant here seeks to establish federal subject matter jurisdiction through diversity jurisdiction under 28 U.S.C. § 1332, which requires an amount in controversy of over $75,000. 28 U.S.C. § 1332 (a).

## III. Analysis

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute." *Dudley v. Eli Lilley & Co.*, 778 F.3d 909, 911 (11th Cir. 2014) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)). "Except as otherwise provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . ." 28 U.S.C. § 1441(a). When a defendant removes a case on the basis of diversity jurisdiction, such defendant bears the burden to prove, by a preponderance of the evidence, that there is a sufficient amount in controversy. *McGee v. Sentinel Offender Servs., LLC*, 719 F.3d 1226, 1241 (11th Cir. 2013).

"In some cases, this burden requires the removing defendant to provide additional evidence demonstrating that removal is proper." *Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1061 (11th Cir. 2013). "In other cases, however, it may be facially apparent from the pleading itself that the amount in controversy exceeds the jurisdictional minimum, even when the complaint does not claim a specific amount of damages." *Id.* (citing *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 754 (11th Cir. 2010)).

> If a defendant alleges that removability is apparent from the face of the complaint, the district court must evaluate whether the complaint itself satisfies the defendant's jurisdictional burden. In making this determination, the district court is not bound by the plaintiff's representations regarding its claim, nor must it assume that the plaintiff is in the best position to evaluate the amount of damages sought. . . .
>
> Eleventh Circuit precedent permits district courts to make "reasonable deductions, reasonable inferences, or other reasonable extrapolations" from the pleadings to determine whether it is facially apparent that a case is

removable. Put simply, a district court need not "suspend reality or shelve common sense in determining whether the face of a complaint establishes the jurisdictional amount." Instead, courts may use their judicial experience and common sense in determining whether the case stated in a complaint meets federal jurisdictional requirements.

*Id.* at 1061–62 (quoting *Pretka*, 608 F.3d at 754).

Some courts in this Circuit have required that a plaintiff expressly disclaim entitlement to $75,000 or more in the complaint in order to avoid removal. *See, e.g., Jones v. Hartford Fire Ins. Co.*, 2013 WL 550419, *1 (N.D. Ala. 2013); *Smith v. State Farm Fire and Cas. Co.*, 868 F.Supp.2d 1333, 1335 (N.D. Ala. 2012). While such a categorical approach has been rejected by other courts, the absence of such stipulations is still a persuasive consideration. *See Townsend v. Win-Holt Equip. Corp.*, 2018 WL 4608476, *2 (M.D. Ala. 2018) ("Although a plaintiff's refusal to stipulate that damages do not exceed $75,000 does not alone establish the amount in controversy, . . . the court may consider such refusal as evidence that the amount in controversy is met." (internal citations and quotations omitted)).

Additionally, where a removing defendant alleges that a plaintiff's claim for punitive damages satisfies the amount in controversy, "[the defendant] need only prove the jurisdictional facts necessary to establish that punitive damages in an amount necessary to reach the jurisdictional minimum are at issue—that is, that such damages *could* be awarded." *McDaniel v. Fifth Third Bank*, 568 Fed.Appx. 729, 731 (11th Cir. 2014) (emphasis original) (holding that the jurisdictional amount was satisfied by looking to the maximum possible recovery of punitive damages permitted by statute). Further, when considering claims for punitive damages against large companies, it is clear that "any

4

award that is soundly and honestly calculated to punish and deter [a large company's] wanton behavior . . . would have to be substantial." *Roe v. Michelin N. Am. Inc.*, 637 F.Supp.2d 995, 998 (M.D. Ala. 2009), *aff'd*, 613 F.3d 1058 (11th Cir. 2013).

In looking to Pullum's complaint, the Court is satisfied that the Defendant has proved the requisite amount in controversy by a preponderance of the evidence. Pullum expressly disclaimed any amount over $49,000, but *only* as to her Magnuson-Moss Act claim—presumably in an attempt to avoid federal jurisdiction through that statute. (Doc. 1-2, p. 8); *see* note 1, *supra*. However, regarding her remaining four state-law claims that each pray for punitive damages, Pullum makes no such disclaimer. The absence of a disclaimer relating to her state-law claims or her overall recovery is persuasive under these circumstances.

Additionally, Pullum requests punitive damages against Ford Motor Company in four of her claims. As noted in *Roe*, if the Court were to award punitive damages against a company as large as Ford, that award would need to be substantial—certainly in excess of the $75,000 threshold. And here, following the Eleventh Circuit's logic in *McDaniel*, such a large award of punitive damages *could* be awarded. At this point, it appears to the Court that the only applicable restriction on punitive damages comes from ALA. CODE § 6-11-21 (a), which states that "no award of punitive damages shall exceed three times the compensatory damages of the party claiming punitive damages or five hundred thousand dollars ($500,000), whichever is greater." Accordingly, Pullum's claims for punitive damages against Ford combined with her failure to disclaim damages over $75,000

establishes the amount-in-controversy requirement. Therefore, the Defendant has carried its burden.

## IV.   Conclusion

Because the Defendant has proved the amount in controversy by a preponderance of the evidence, it is

ORDERED that the Plaintiff's motion to remand the case to the Circuit Court of Montgomery County (doc. 6) be and is hereby DENIED.

DONE this 21st day of June, 2019.

/s/ Emily C. Marks
EMILY C. MARKS
CHIEF UNITED STATES DISTRICT JUDGE